Oscar M. COOKE, Jr., d/b/a Cobe Oil Company, Appellant,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Corporation, Appellee.

No. 15621.

United States Court of Appeals Eighth Circuit.

Jan. 9, 1957.

Rehearing Denied Jan. 24, 1957.

**598**

Jack G. Beamer, Kansas City, Mo. (Tom J. Stubbs and Stubbs, McKenzie, Williams, & Merrick, Kansas City, Mo. with him on the brief), for appellant.

Harold J. Toner, Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH and WHITTAKER, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff insurance company brought this action against Oscar M. Cooke, Jr., d/b/a Cobe Oil Company, to recover ten thousand dollars which was a part of the amount the insurance company had paid out on account of fire loss suffered by its insured Cooke Sales and Service, Inc., referred to here as the insured. The insurance company claimed that the fire and consequent destruction of the insured's property was proximately caused by defendant's negligence and it is admitted that the insurance company was subrogated to whatever rights accrued to its insured against defendant in respect to the fire loss. Federal jurisdiction was based on diversity of citizenship.

It was alleged in the amended complaint on which the jury trial was had:

"6. That on or about the 4th day of January, 1950, the defendant and an agent and employee of defendant, acting within the scope of his employment for the defendant, took a connected tractor and trailer constructed so as to be able to haul gasoline, and which was loaded with gasoline, into a garage located within a building owned by Cooke Sales and Service, Inc., and located at or near 1500 North Washington Street in Chillicothe, Missouri, for the purpose of having an employee of Cooke Sales and Service, Inc., apply steam by means of a non-portable kerosene fired steam machine which defendant knew in its operation employed a fire or flame open to the air, to certain valves on said gasoline trailer to free them as they were frozen in a fixed position by the extremely cold temperatures prevailing that day.

"7. That after said steam had been applied, the said agent and employee of defendant, acting as aforesaid, started testing said valves to see if they were free and would again permit gasoline to flow

through them and to the outside of said trailer, and while he was testing said valves by trying to turn and operate them, some gasoline flowed out of said trailer and onto the garage floor and under said steam machine which was still lit and was thereby caused to explode and ignite and the said fire spread to and burned the said building and the property of Cooke Sales & Service, Inc., located adjacent thereto, including other adjacent buildings, causing total damage to said property in excess of $17,437.66.

"8. That it became and was the duty of defendant to use a very high degree of care to keep said gasoline within said trailer so that same should not become ignited by the source of ignition in said garage and burn the property or premises of others, but that wholly disregarding said duty, said defendant, acting by himself and through his employee, acting as aforesaid, did on or about said 4th day of January, 1950, negligently cause, suffer and permit said gasoline to escape and become ignited and burn the said property of Cooke Sales and Service, Inc."

The defendant's answer admitted that on or about January 4, 1950, he and his employee took a connected tractor and trailer, constructed so as to be able to haul gasoline and which was loaded with gasoline, into a garage within a building [1] operated by the insured for the purpose of having the insured apply steam to certain valves on said gasoline trailer to free the same from a frozen condition as alleged in paragraph 6 of the complaint, and otherwise the allegations of the complaint were denied. The defendant also alleged generally that such fire loss as was sustained by the insured was directly caused or contributed to by its own negligence.

The only witnesses who testified on the jury trial of the case were the defendant himself, who was called by plaintiff as an adverse witness, and one Francis Oliver Midgyett who was the employee of the insured who operated the steamer machine as described in the complaint.

At the conclusion of plaintiff's evidence, defendant made a motion for directed verdict, which was overruled. No evidence was adduced by defendant.

The court instructed that if the gasoline escaped from the tank as a result of careless manipulation of its valves by defendant or his agent, Jones, there would be liability, but if it did not escape as the result of the manipulation of the valves, there would be no liability. The court observed "it would seem to me that there is no evidence of any act of negligence on the part of [the insured] Cooke Sales and Service Company."

The defendant did not make any request for instructions but objected and excepted to the Court's charge as will be stated.

The jury returned a verdict for plaintiff for $10,000.00 and judgment was entered accordingly. Thereafter defendant moved for judgment in his favor or in the alternative for new trial, which motion was denied. Defendant appeals and contends for reversal (1) that the court erred in overruling defendant's motion for directed verdict [made at the close of the evidence] in that plaintiff's insured was contributorily negligent as a matter of law; and (2) that the court erred in failing to instruct on the issue of contributory negligence and in advising the jury that contributory negligence was not an issue in the case.

(1.) The Motion for Verdict.

■ The defendant asserted in his motion for directed verdict that the evidence failed to show that the defendant's agent tested valves on the trailer and thereby negligently permitted gasoline

---

**1.** In opening statement counsel for defendant stated that the tractor and trailer was driven partially into the insured's steam room but that at least half of it was sticking back out in the outside air because it was too big to go into the room.

to escape and become ignited, or that defendant was guilty of any act of negligence alleged in the complaint, but on this appeal he does not present those contentions, nor assert the ruling of the court or the finding of the jury against the contentions to be error. Our study of the evidence convinces that each of the allegations of the complaint we have set forth was supported by substantial evidence.

■ But the defendant also asserted in his motion for directed verdict that "under the plaintiff's evidence it appears as a matter of law that the employee of the [insured] was careless and negligent:"

1. in maintaining a steamer with an open flame at the time and place shown;

2. in causing steam to be directed upon the valves;

3. in causing one of such valves to crack and leak gasoline;

4. in causing the same to be ignited by the open fire then and there maintained by the insured.

With the possible exception of number three, these contentions simply amount to a claim that the operation of steaming out the frozen valves in the gasoline tank, which defendant hired the Service company to perform in its steaming room with the open-to-the-air fire steaming machine, was of itself a negligent operation and as such was a proximate cause of the fire loss.

The defendant testified that he had himself been employed by the Service company at one time, and knew that it had a steam cleaner which generated steam by means of a flame that was open to the air and was not portable. He said that his trailer had no leaks in it when it was taken into the steaming room, and it was shown without dispute that the work of steaming the valves to thaw them out was carried on there by the witness Midgyett, the employee of the insured, for an hour and twenty minutes without anything to indicate that the operation itself would or did cause any damage.

But as Midgyett testified, after he had safely carried on his work of steaming out the valves from about 11:30 AM until about ten minutes to one PM, the defendant and his helper, Bill Jones, came in and went directly to the "control box" or "manifold box" on the trailer which contained the valve controls. It had hinged doors that were closed but "they opened the doors." Midgyett did not see what defendant and his helper were doing inside the box but he heard a slight noise and looked around and saw gasoline coming out in a stream from somewhere up around the front of the trailer. He testified "I hollered at Cooke and Jones that if they were testing the front valve to close it because gas was escaping and Bill Jones replied that he was not testing that valve. * * * About that time it ignited * * *. I just saw this gasoline running and then the flash and that was it * * * *." "The fire just shot under the truck, just out across the floor."

Defendant testified that he saw his helper Jones "who was standing at the manifold box" "check the valves of the trailer" and "while h~ was operating the valves" "a small ₊ ₊nt of gasoline dripped out of a pipe that came out of the manifold." Although he stated that Jones "could not get any flow of gasoline," it could not be inferred from his testimony that the gasoline which ignited came from any other source than his tank or at any other time than the time when his helper Jones was "checking and operating the valves." The court did not err in refusing to direct a verdict on the grounds here numbered 1, 2, and 4.

■ As to defendant's ground numbered 3 that the insured was negligent as a matter of law in causing one of the valves to crack and leak gasoline, the court instructed the jury that if the gasoline did not come from the opening of the valve, or if it escaped because of the effect of steam upon the valves or upon a pipe, there would be no liability upon the defendant. There was no evidence of any damage to any valve or pipe from the

steaming and this instruction was most favorable to the defendant.

None of the grounds for directed verdict alleged in the motion justified giving a peremptory instruction, and the court did not err in denying the motion. There was plainly a case for the jury.

(2.) The Instructions.

██ At the conclusion of the court's instructions to the jury, the defendant "objected and excepted to the charge" as follows:

"* * *, the defendant objects and excepts respectfully to his Honor's charge to the jury to the effect that under the evidence, the employe of Cooke Sales & Service, Inc., was not guilty of any act of negligence.

"The defendant further objects and excepts to the charge of the Court generally, for the reason that the issue of contributory negligence on the part of the employes, or employe of Cooke Sales & Service, Inc., in maintaining an open flame in the vicinity of a loaded gasoline truck with full knowledge that it was loaded, was not submitted to the jury, and that the charge fails to permit the jury to pass on pleaded contributory negligence, which appears from the plaintiff's own evidence with repect to the failure on the part of the employe of Cooke Sales & Service, Inc., to have moved the steamer mentioned in the evidence to the outside of the building and into the open air as the employee and witness Midgyett testified he could have done."

To which the Court replied: "Very well, note the exceptions."

Bearing in mind that the defendant's answer had not pleaded any act of negligence of the insured alleged to have contributed to the fire loss, but had asserted merely that it was caused or contributed to by the insured's carelessness and negligence, and bearing in mind also that defendant had not made any requests for instructions, we are not persuaded that the court committed any error preserved for review in respect to the ruling upon the defendant's "objections and exceptions" to the instructions.

As stated above, the court was at pains to impress on the jury that there was no liability upon defendant unless the plaintiff established "by the preponderance of the evidence that [the defendant] manipulated the valves so that the gasoline escaped and that it was negligent under the circumstances for him to do so and that as a result thereof, a fire occurred thus causing the damage. * * If it didn't escape as the result of the manipulation of those valves, then there would be no liability."

Thus, in instructing the jury the court put stringent restrictions on the plaintiff by giving the jury to understand that the plaintiff could not recover unless it had proved that the fire loss occurred through the negligence of defendant and in just the way plaintiff claimed it did.

But it did not restrict the defendant in presenting his defenses to the jury. The instructions left him entirely free to contend before the jury not only that his agent had not manipulated the valves and that no manipulation of valves had caused the escape of the gasoline or the fire, but that the fire had been caused in any other way or ways he chose to infer from the evidence and rely on. He was entitled to a verdict in his favor under the instructions as given if the jury found any other cause of the escape of the gasoline and its ignition than the defendant's claimed negligent act of "manipulating" (i. e. opening) the valves and causing the gasoline to flow out and contact the flame of the steamer. Defendant was not even restricted to claiming negligence on the part of the insured as the cause of the fire. Only that "the gasoline didn't escape" as the result of the manipulation of the valves.

It appeared to the court that no negligent act on the part of the insured or its agent Mr. Midgyett causing or contributing to cause the fire had been shown and it expressed that opinion to the jury. It was a comment on the evidence such as the trial judge may make under fed-

eral procedure.[2] It was also justified in that the undisputed evidence given by the defendant himself was that there were no leaks in his trailer tank, and Midgyett's testimony was positive that he never touched the valves, nothing happened during his steaming until gasoline began to flow out of the tank at the time when, as defendant said, his employee Jones "checked the valves" or "while he was operating the valves."

In his brief on this appeal, it is argued for appellant that the insured directly caused or contributed to the fire as follows: It was negligent when it lit a fire under the steamer in the confined space only five or six feet from the loaded gasoline trailer; when it directed the work to be done by an inexperienced employee without any supervision; when it failed to remove the steam generator with its open flame from the garage and permit only the steam hose and nozzle to remain in the confined space about the gasoline trailer; when it failed to provide adequate ventilation to remove any gasoline or gasoline vapor which might escape from the trailer; when it failed to anticipate in applying steam to the valves of the trailer and in testing to ascertain if the valves were thawed out, that some gasoline might escape, vaporize and catch fire; when it observed defendant's employee go to the control box at the side of the trailer, obviously for the purpose of testing the valves, and failed to give any warning or to extinguish the fire in the steam machine.

But we have no reason to conclude that the defendant's counsel did not argue all of these contentions to the jury. The court's instructions were drawn so as to permit each of them, and others that defendant might propose, to be considered by the jury to defeat the plaintiff if sustained. But none of them constituted justification for taking the case from the jury, and we are not persuaded that reversible error should be attributed to the

court because it did not assume the burden of formulating such hypotheses from the evidence upon which the jury might have found a verdict for the defendant. If request had been made for ruling upon particular hypotheses, a different situation might have been presented.

 The court submitted the case as one in which plaintiff could not recover unless it proved a certain, sole proximate cause of the fire loss and it is well settled law in Missouri and generally, 65 C.J.S., Negligence, § 116, p. 708, that "if the negligence for which either plaintiff or defendant is responsible is the sole proximate cause of the injury, there can be no contributory negligence." Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, loc. cit. 532.

The verdict is supported by substantial evidence, and as we find no error in the judgment rendered therein, it is

Affirmed.

2. The court said: "You are not bound by what the Court thinks the facts are, because as I said to you, you are the sole judges of what the facts are."